UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CHRISTOPHER GRANT**, individually and on behalf of all other similarly situated,

    **Plaintiff,**

vs.                              Case No.: 3:21-CV-00859

**STRADA SERVICES, INC.**, d/b/a Strada Electric and Security, and **JOSEPH STRADA**

    **Defendants.**

___

### JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS WITH PREJUDICE

Plaintiff and Opt-In Plaintiffs CHRISTOPHER GRANT ("Grant"), Opt-in Plaintiff THAD MILLER ("Miller"), Opt-in Plaintiff JOSHUA JONES ("Jones"), Opt-in Plaintiff Gregory Clark ("Clark"), and Opt-in Plaintiff COREY MCBRIDE ("McBride") (collectively "Plaintiffs"), and Defendants STRADA SERVICES, INC. and JOSEPH STRADA (collectively "Defendants") (hereinafter collectively referred to as the "Parties"), by and through the undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice, and state the following in support thereof:

1

1. Grant filed the instant action alleging unpaid overtime compensation in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA") (Doc. 1).

2. Miller, McBride, Clark, and Jones filed their Notices of Consent to Join on June 27, 2021, July 26, 2021, and October 22, 2021, respectively.

3. Defendants opposed the claims of Plaintiffs, raising disputes regarding the following issues: 1) the wages alleged to be owed to Plaintiffs; 2) the actual number of hours worked by Plaintiffs; 3) whether Defendant acted in good faith; 4) whether Plaintiffs were similarly situated; and 5) Plaintiffs' allegation that Defendant willfully violated the FLSA.

4. The Parties, through their counsel, engaged in extensive settlement negotiations and in-depth discussions about the case.

5. Based on these discussions, analysis, and exchange of information, the Parties stipulate and represent that there is a *bona fide* dispute between the Parties regarding the merits of Plaintiffs' case and the back wages and other damages and relief claimed therein.

6. Based on the facts and arguments discussed and presented between the Parties, Plaintiffs and Defendants have agreed to resolve this case in its entirety on terms which they mutually stipulate and agree are fair, reasonable, and adequate.

7. Accordingly, the Plaintiffs have agreed to accept the sum of Fifteen Thousand Dollars ($15,000) which shall be apportioned amongst the Plaintiffs, by separate checks issued by the Defendants, based on calculations made and determined by Plaintiffs' Counsel after a review of the timesheets and payroll documentation exchanged.

8. The Parties then reached an agreement regarding the issue of attorney's fees and costs, separate, independent, and after agreement on the Plaintiffs' sum, pursuant to which Defendants have agreed to pay Plaintiffs' Counsel the sum of Twenty Thousand Five Hundred Fifty-Two Dollars ($20,552.00) to cover attorney's fees and costs that were incurred or fronted by Plaintiffs' counsel. The attorney's fees in this case were agreed upon separately and without regard to the amount to be paid to Plaintiffs. A copy of the Settlement Agreement is attached to this Motion as **Exhibit "A."**

9. The Settlement Agreement will result in Plaintiffs receiving a payment immediately, instead of waiting for a possible payment at an unknown future date. The Settlement Agreement further allows the Parties to put this case behind them so that they can eliminate the distractions of litigation and focus on other matters.

## DISCUSSION

10.  A compromised FLSA settlement becomes final and enforceable if it is supervised by either the Department of Labor or a court. *See Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize it to determine if it constitutes a fair and reasonable resolution of a *bona fide* dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.*

11.  With respect to attorney's fees and costs, scrutiny is not required where the Parties stipulate that the sum to be paid "was agreed upon separately and without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D.Fla.2009). Where such a stipulation is made, and the settlement is otherwise reasonable on its face, there is no reason to conclude that the plaintiff's recovery "was adversely affected by the amount of fees paid to his attorney." *Id.*

12.  In the case at bar, the Parties stipulate that the issue of Plaintiffs' recovery was negotiated independently and resolved to the Plaintiffs' satisfaction. The amount of Plaintiffs' recovery represented a compromise based upon a *bona fide* dispute as to the issues of whether wages are owed to

Plaintiffs; the number of hours worked by Plaintiffs; whether Plaintiffs actually worked the hours claimed; whether Defendants willfully violated the FLSA; and whether liquidated damages should be imposed. Thereafter, the Parties, separately and without regard to the amount paid to Plaintiffs, negotiated the amount of fees and costs that would be paid, and reached the agreement described above.

**WHEREFORE**, the Parties respectfully request that this Court enter an Order approving the attached Settlement Agreement and dismissing this action with prejudice.

Respectfully submitted, November 13, 2021

| | |
|---|---|
| /s/Mitchell L. Feldman<br>FELDMAN LEGAL GROUP<br><br>6916 W. LINEBAUGH AVE #101<br>TAMPA, FL 33619<br>P: 813 639-9366<br>Email:<br>mfeldman@flandgatrialattorneys.com<br>Florida Bar No. 0080349<br><br>**Attorney for Plaintiffs** | */s Paul L. Sutherland*<br>Paul L. Sutherland, Esq.<br>Florida Bar No. 1008093<br>Nathan A. McCoy, Esq.<br>Florida Bar No. 676101<br>WILSON MCCOY, P.A.<br>100 E. Sybelia Ave., Suite 205<br>Maitland, Florida 32751<br>Telephone: (407) 803-5400<br>Facsimile:  (407) 803-4617<br>psutherland@wilsonmccoylaw.com<br>nmccoy@wilsonmccoylaw.com<br>pleadings@wilsonmccoylaw.com<br><br>**Attorneys for the Defendants** |

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 13th day of November 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or Parties who are not authorized to receive electronic Notices of Electronic Filing.

                                  *s/ Paul L. Sutherland*
                                  Paul L. Sutherland, Esq.