UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CHRISTOPHER GRANT,**
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.                                       CASE NO. 3:21cv859-MCR/EMT

**STRADA SERVICES, INC.,**
d/b/a STRADA ELECTRIC &
SECURITY, and JOSEPH STRADA,

    Defendants.
_____/

## ORDER

Plaintiff Christopher Grant and Opt-In Plaintiffs Thad Miller, Joshua Jones, Gregory Clark, and Corey McBride (collectively, "Plaintiffs") brought suit to recover unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The parties have reached a settlement and jointly move for Court approval of its terms and for dismissal of this case with prejudice. ECF No. 23. Having fully considered the motion and the settlement agreement, the Court finds the motion is due to be granted and the settlement approved.

"Congress made the FLSA's provisions mandatory; thus the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's*

*Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). The Eleventh Circuit explained in *Lynn's Food Stores* that claims for back-wages under the FLSA may be settled or compromised only when the Department of Labor supervises the payment of back-wages or when the court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. More precisely, courts must determine whether a compromise of a FLSA claim for wages represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

In a comprehensive review of *Lynn's Food Stores* and the principles underlying the FLSA, the Middle District of Florida described this inquiry as involving both internal and external factors. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241-43 (M.D. Fla. 2010). The internal factors include whether (1) the compromise is fair and reasonable to the employee; (2) the compromise resolves a bona fide dispute; (3) a confidentiality provision contravenes FLSA policy; (4) the compromise involves a prospective waiver of FLSA rights; and (5) the compromise awards reasonable attorneys' fees. *See id.* The external factors include whether the compromise otherwise frustrates the implementation of the FLSA, requiring the court to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Id.* at 1243-44. Additionally, in deciding the reasonableness of a compromise, the stage of the proceedings and amount of discovery completed must be considered, as well

as the complexity of the claim, probable success on the claim, the range of possible recovery, and the opinions of counsel. *See id*. at 1241.

Plaintiffs allege they were employed as apprentice installers in Defendants' electrician training program, for which they were paid on an hourly, non-exempt basis, irrespective of the number of hours worked in a day or week. They argue Defendants willfully falsified timesheets and coerced them into working off the clock in violation of 29 U.S.C. § 207. The Complaint contends that Plaintiffs were denied overtime pay for most, if not all, hours worked in excess of forty hours each week. Defendants deny all liability, disputing the wages owed to and numbers of hours worked by Plaintiffs and whether the Plaintiffs were similarly situated. Defendants maintain that they did not willfully violate the FLSA and therefore, Plaintiffs are not entitled to liquidated damages.

Despite these factual disputes, the parties have agreed to settle the action, desiring to avoid further costs of litigation. According to the joint motion, Defendants have agreed to pay $15,000 in wages and liquidated damages, which will be apportioned among Plaintiffs based on their number of overtime hours worked as reflected in their timesheets. Additionally, the Defendants will pay $20,552 for Plaintiffs' attorneys' fees and costs, which they represent was negotiated separately from the FLSA claim. The parties agree the FLSA settlement benefits all parties,

allowing them to avoid further costs of litigation, and that the resolution reached is fair and reasonable.

Having fully reviewed the matter, the Court finds the FLSA settlement agreement fair and reasonable. The parties have compromised a *bona fide* dispute in good faith through an adversarial process with the aid of experienced counsel. The agreement includes no confidentiality provision that would contravene FLSA policy, no prospective waiver of FLSA claims, and no overly broad release, as the settlement is appropriately limited to this lawsuit. Additionally, the attorney's fee was separately negotiated apart from the FLSA award, and thus, there is no reason to believe that the attorney's fee recovery adversely influenced the amount of recovery on Plaintiffs' FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The Court finds that the settlement reflects a fair and reasonable compromise of disputed issues and therefore, it will be approved, promoting the policy of encouraging the settlement of litigation. *See Lynn's Foods*, 679 F.2d at 1354. Also, based on the parties' settlement and request for dismissal, the case will be dismissed with prejudice.

Accordingly, the Joint Motion to Approve Settlement Agreement and to Dismiss With Prejudice, ECF No. 23, is **GRANTED**, and the case is **DISMSSED with prejudice** pursuant to the parties' settlement. The Clerk is directed to close

the file, and there is no award of attorney's fees and costs, as these matters are provided for in the parties' agreement.

**DONE and ORDERED** this 22nd day of November 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:21cv859-MCR/EMT